371 So.2d 556 (1979)
Lewis Edward JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 79-106.
District Court of Appeal of Florida, Second District.
May 30, 1979.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The judgment against appellant is affirmed, but we remand this case for resentencing of appellant in accordance with the provisions of Section 39.111(6), Florida Statutes (1978 Supp.).
Appellant, age 17 at the time of the offense with which he was charged, was transferred from the juvenile division to the criminal division of the circuit court for prosecution as an adult for a sexual battery alleged to have been committed on April 16, 1978. He was tried in October 1978, was convicted, and came before the trial court for sentencing on December 14, 1978. Defense counsel pointed out that there had been an amendment to Section 39.111, Florida Statutes, concerning the procedure to be followed in disposition of cases involving children transferred for criminal prosecution.[1] The trial court ruled that the new procedure did not apply to appellant because *557 his offense was committed prior to October 1, 1978, the effective date of this amendment, also noting that appellant had reached age 18.
Any intimation that appellant's age at the time of sentencing would preclude the application to him of Section 39.111(6), Florida Statutes (Supp. 1978), can be quickly disposed of. Section 39.111 deals with children prosecuted as adults. Within the meaning of Chapter 39, a "child" is defined in Section 39.01(4), Florida Statutes (1977), as "any married or unmarried person under the age of 18 years or any person who is charged with a violation of law occurring prior to the time that person reached the age of 18 years." (Emphasis supplied.) Appellant falls within this definition.
Furthermore, contrary to the trial court's ruling, the fact that appellant's offense was committed prior to the effective date of Section 39.111(6) does not render this statute inapplicable to appellant. Section 39.111(6) is procedural. See McShay v. State, 321 So.2d 464 (Fla.4th DCA 1975). While statutory changes in the law are normally presumed to apply prospectively, procedural changes are to be applied to pending cases. Heilmann v. State, 310 So.2d 376 (Fla.2d DCA 1975); McShay v. State, supra. See also Hall v. State, 358 So.2d 891 (Fla.2d DCA 1978); Hamilton v. State, 306 So.2d 600 (Fla.2d DCA 1975).
The trial court's failure to comply with the requirements of Section 39.111(6) *558 cannot be deemed harmless in the instant case. The trial court failed to justify its decision to impose adult sanctions against appellant except to make the following observations at the sentencing hearing: "I believe him [appellant] to be a dangerous person whose freedom cannot be tolerated," and "And I have advised Mr. Johnson my view  that is, that he is too dangerous to remain at large." In Section 39.111(6)(c) the legislature set forth specific criteria to be considered by the trial court in determining whether to impose adult sanctions. The trial court's conclusion that appellant was "too dangerous to remain at large" cannot be presumed to have been predicated upon consideration of all of the specified criteria in the absence of some affirmative indication on the record that all of the criteria were considered.
Moreover, the trial court did not put its findings in writing, as required by the legislature in Section 39.111(6)(d). The statutory scheme is similar to that mandated for sentencing a defendant as an habitual offender under Section 775.084, Florida Statutes, in that it requires specific justification and reasons for imposition of the sentence. See Fry v. State, 359 So.2d 584 (Fla.2d DCA 1978) (evidence to justify enhanced sentence must be specified); McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978) (record must support trial court's conclusion that enhanced sentence is necessary).
Finally, it should be emphasized that the statute clearly states that the criteria to be considered and the guidelines to be followed are to be deemed mandatory. § 39.111(6)(j); See also § 39.02(5)(a) and (6).
Accordingly, the judgment is affirmed, but the sentence is vacated and the cause remanded for resentencing pursuant to the provisions of Section 39.111(6), Florida Statutes (Supp. 1978).
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] The amendment to which defense counsel was referring was the addition of a new subsection (6) to Section 39.111. That subsection provides:

(6) When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:
(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child.
(b) After considering the predisposition report, the court, in order to determine suitability, shall give all parties present at the hearing an opportunity to comment on the issue of sentence and any proposed rehabilitative plan. These parties shall include, if present: The parents or guardians of the child, the child's counsel, the state attorney or assistant state attorney, representatives of the department, the victim or his representative, if any, representatives of the school system, and the law enforcement officers involved in the case.
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Offender Rehabilitation, other law enforcement agencies, and courts.
b. Prior periods of probation or community control.
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
d. Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.
* * * * * *
(g) The court may receive and consider any other relevant and material evidence, including other written or oral reports, in its effort to determine the action to be taken with regard to the child, and may rely upon such evidence to the extent of its probative value, even though not competent in an adjudicatory hearing.
(h) The court shall notify the victim of the offense of the hearing and shall notify, or subpoena if necessary, the parents or legal custodians of the child to attend the disposition hearing if they reside in the state.
(i) The predisposition report shall be made available to the child's counsel and the state attorney by the department upon completion of the report and prior to the disposition hearing.
(j) It is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this subsection is subject to the right of the child to appellate review pursuant to s. 39.14.