373 So.2d 450 (1979)
Kenneth W. PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 79-405.
District Court of Appeal of Florida, Second District.
August 1, 1979.
Jack O. Johnson, Public Defender, and Michael S. Becker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
In this case we deal with the procedures which a trial court must follow when sentencing a juvenile who has been tried as an adult.
The state filed a petition requesting that the juvenile court adjudge appellant a delinquent, charging that he had committed two counts of burglary. Subsequently, that court transferred appellant to the adult division of the circuit court where he pled guilty to both counts. At the sentencing hearing, counsel for the state and appellant made arguments of aggravation and mitigation. Following these arguments the court made the following statement:
THE COURT: Mr. Proctor, you are a hardened criminal at seventeen years of age. Looking at your juvenile record, breaking and entering on several occasions, robbery, burglary, probation in this court after you are certified as an adult, that probation being revoked for subsequent crimes. There is no alternative at this time for me other than a jail sentence of some duration.
The court then sentenced appellant to two concurrent four-year terms in prison.
Appellant contends that the trial court erred in sentencing him without following the procedures set out in Section 39.111(6), Florida Statutes (Supp. 1978). We agree. The court failed to make any reference to the six criteria contained in Section 39.111 which deal with the suitability of adult sanctions. Further, the court failed to put *451 its decision to imprison appellant in writing. These procedures are mandatory and necessitate a reversal. Johnson v. State, 371 So.2d 556 (Fla.2d DCA 1979).
Accordingly, we affirm the trial court's judgment, but remand for resentencing pursuant to the provisions of Section 39.111(6).
GRIMES, C.J., and RYDER, J., concur.