402 So.2d 73 (1981)
Benjamin M. BURLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1009.
District Court of Appeal of Florida, Fifth District.
August 12, 1981.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Burley appeals his judgment and sentence for the offense of robbery in violation of section 812.13(2)(c), Florida Statutes (1979). He claims error in the trial court's denial of his requested jury instruction and in the imposition of adult sanctions without reference to the criteria provided in section 39.111(6), Florida Statutes (1979). We disagree and affirm the judgment and sentence.
The trial court denied Burley's request for a jury instruction which provided:
Picking a pocket or purse snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from a person who does not resist. But if the victim resists in any degree and this resistance is overcome by the physical force of the offender, the crime of robbery is complete.
This instruction was inappropriate because the victim's testimony indicated that resistance occurred during the incident and there was apprehension on the part of the victim.
Further, the instructions to the jury included the following:
Now the property taken must be of some value, but the extent of the value makes no difference in determining guilt of the crime of robbery. The taking must be by the use of force of violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that he does not resist.
The law does not require that the victim of robbery resist to any particular extent or that he offer any actual resistance if the circumstances are such that he is placed in fear of death or great bodily harm if he does not resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.
This instruction adequately covered the requirement of resistance in the context of force and fear. Lowman v. State, 353 So.2d 652 (Fla. 3d DCA 1977).
*74 Burley was seventeen years old when he was arrested for the robbery. He argues that the trial court imposed adult sanctions without following the procedures set out in section 39.111(6), Florida Statutes (1979). However, this issue was not presented to the trial court and therefore it was not preserved for appeal. Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA 1981); Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981). Accordingly, the judgment and sentence are affirmed without prejudice to appellant's right to seek appropriate relief, e.g., through Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.