407 So.2d 1066 (1981)
Paul LEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1095.
District Court of Appeal of Florida, Second District.
December 30, 1981.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant, a juvenile at the time of the offense with which he was charged, was prosecuted and convicted as an adult. He contends on appeal that the trial court erred in sentencing him without following the procedures set out in section 39.111(6), Florida Statutes (1979).
Section 39.111(6)(a) requires that a trial court, when imposing adult sanctions on a juvenile convicted of a crime, receive and consider a predisposition report prepared by Department of Health and Rehabilitative *1067 Services. The record here reveals that the trial judge failed to receive and consider such a report, and the statute clearly states that the guidelines to be followed are to be deemed mandatory. § 39.111(6)(j). The existence of a PSI prepared by the Department of Corrections did not suffice because the purpose of a predisposition report is somewhat different than that of a PSI, and the two reports are prepared by different departments having different perspectives.
We affirm the judgment of the trial court but vacate the sentence and remand for resentencing pursuant to the provisions of section 39.111(6)(a), Florida Statutes (1979). Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979).
HOBSON, A.C.J., and SCHOONOVER, J., concur.