421 So.2d 4 (1982)
James SAWYER, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1058.
District Court of Appeal of Florida, Third District.
September 21, 1982.
Rehearing Denied November 17, 1982.
*5 Bennett H. Brummer, Public Defender and Franklin D. Kreutzer, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Penny Hershoff, Asst. Atty. Gen., for appellee.
Before DANIEL S. PEARSON, and FERGUSON, JJ., and OWEN, WILLIAM C., Jr., (Ret.), Associate Judge.
PER CURIAM.
Appellant, a juvenile, was convicted of battery on a law enforcement officer, resisting an officer with violence to the person of a law enforcement officer, and battery. He asserts five points of error, only one of which, the trial court's failure to comply with the juvenile sentencing procedures of Section 39.111(6), Florida Statutes (1979), has merit.
Section 39.111(6), Florida Statutes (1979) prescribes the mandatory sentencing procedures to be followed by the trial court when jurisdiction of a juvenile defendant has been transferred from Juvenile Court to the Criminal Division of the Circuit Court. See Leach v. State, 407 So.2d 1066 (Fla.2d DCA 1981); Johnson v. State, 371 So.2d 556 (Fla.2d DCA 1979). The trial court, in sentencing appellant, failed to include specific reference to the six criteria contained in the statute (which deal with the suitability of adult sanctions), thus requiring that appellant be resentenced. See Proctor v. State, 373 So.2d 450 (Fla.2d DCA 1979).
We comment briefly on another of appellant's points, i.e., that the trial court erred in sentencing him separately on two of the convictions. Section 775.021(4), Florida Statutes (1981) permits separate sentences where the same conduct constitutes a violation of two or more statutes, except where one is a lesser included offense of the other. See Carpenter v. State, 394 So.2d 144 (Fla.2d DCA 1981). In this case appellant was charged with two separate offenses; to wit, battery of a law enforcement officer and resisting an officer with violence to his person. The record reveals that appellant pushed the police officer, resulting in the officer's placing him under arrest for battery of a police officer. When the officer then attempted to effectuate the arrest, appellant picked up the officer and threw him against the hood of a car, which conduct produced the second charge of resisting an officer with violence to his person. Thus, the trial court, following Section 775.021(4), Florida Statutes (1979), separately sentenced Sawyer to five years in the State Penitentiary for each of the two counts, to run consecutively. See Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981).
In accordance with the foregoing, the judgment of the trial court is affirmed, but the sentence is vacated and this cause remanded *6 for resentencing pursuant to Section 39.111(6), Florida Statutes (1979).