421 So.2d 780 (1982)
Learnhart RHODEN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-246.
District Court of Appeal of Florida, Second District.
November 10, 1982.
*781 Jack D. Hoogewind, Ridge Manor, and Lynn Tepper Sestak, Port Richey, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant, Learnhart Rhoden, was initially charged as a juvenile for the offense of discharging a destructive device. He was subsequently tried as an adult and was found guilty as charged. The court sentenced him to a mandatory term of imprisonment of ten years pursuant to section 790.161(3), Florida Statutes (1981). This appeal ensued.
Appellant has raised four arguments on appeal, but we find merit only to his contention that the trial court erred in sentencing him without following the juvenile disposition procedures set out in section 39.111(6), Florida Statutes (1981). Appellant correctly points out that the court failed to make reference to the six criteria as to suitability or nonsuitability of adult sanctions contained in section 39.111(6), and failed to put in writing its decision to imprison appellant.
The state argues that since appellant did not request disposition pursuant to section 39.111(6), and did not object to the trial court's failure to proceed under that statute, the issue cannot be raised for the first time on appeal. As authority for this argument, the state cites to Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981) and Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981). Indeed, the cited cases stand for the proposition argued for by the state. However, we disagree with our sister court on this issue.
Section 39.111(6)(d) states that "[a]ny decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions." [Emphasis supplied.] Furthermore, section 39.111(6)(j) states that "[i]t is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this subsection is subject to the right of the child to appellate review pursuant to s. 39.14."
In commenting on sentencing a juvenile who, as here, had been transferred for trial as an adult, the Florida Supreme Court in State v. Cain, 381 So.2d 1361, 1367 (Fla. 1980), stated that "even when a juvenile is convicted in adult court he is still given special treatment as a juvenile... . The court must follow the procedure provided in subsection 39.111(6)... ." [Emphasis supplied.]
We hold that the disposition procedures under section 39.111(6) are mandatory and necessitate a reversal regardless of whether appellant raised an objection in the trial court. See Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979). Our decision, of course, expressly conflicts with the Dunman and Burley cases.
Accordingly, we affirm the trial court's judgment, but remand for disposition pursuant to the provisions of section 39.111(6). *782 Appellant shall be entitled to be present at the proceedings.
OTT, C.J., and SPICOLA, GUY W., Associate Judge, concur.