442 So.2d 228 (1983)
Edgar PIMENTEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1200.
District Court of Appeal of Florida, Third District.
September 6, 1983.
Rehearing Denied October 10, 1983.
Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
We affirm the defendant's conviction of second degree murder as a youthful offender upon a holding that: (a) the defendant's own testimony that he shot the victim accidentally and not to protect himself precluded the necessity of any instruction on self defense. See generally Pearson v. State, 221 So.2d 760 (Fla. 2d DCA 1969) (jury instruction on entrapment is not required where defendant denies having committed the alleged crime); and (b) the evidence was legally sufficient to establish the crime of second degree murder.
The defendant also challenges his sentence on the basis that the trial court failed to reduce to writing its decision that the defendant be sentenced as an adult. While it is true that Section 39.111(6)(d) requires as much, we find that where the transcript which is part of the record contains the requisite findings, the necessity of a writing has been satisfied.[1]See Thompson v. State, 328 So.2d 1 (Fla. 1976) (aggravating and mitigating circumstances justifying death penalty); McGriff v. State, 417 So.2d 300 (Fla. 3d DCA 1982) (imposing one year minimum mandatory sentence); McClain v. State, 356 So.2d 1256 (Fla. 2d DCA 1978) (habitual offender); Eastwood v. Hall, 258 So.2d 269 (Fla. 2d DCA 1972) (waiver of speedy trial rule). The cases relied upon by the defendant, Rhoden v. State, 421 So.2d 780 (Fla. 2d DCA 1982), Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979), Johnson v. State, 371 So.2d 556 *229 (Fla. 2d DCA 1979)[2] are distinguishable in that the record in those cases failed to contain an indication that the requisite criteria had been considered.[3]
Upon the state's suggestion in McGriff, supra, after affirming the sentence, we remanded to the trial judge to reduce his findings to writing. In the present case, no such suggestion has been made by the state, and we find that procedure to be unnecessary. Thompson, supra; Eastwood, supra. Accordingly, we affirm in all respects.
BASKIN, Judge (dissenting).
The evidence presented at trial failed to establish that Pimentel acted with a depraved mind regardless of human life, an essential element of second degree murder. Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934); Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978); Raneri v. State, 255 So.2d 291 (Fla. 1st DCA 1971). At most, the state established that appellant's acts constituted culpable negligence. McCray v. State, 350 So.2d 1126 (Fla. 2d DCA 1977). I would, therefore, reduce the conviction to manslaughter.
NOTES
[1] There is no contention raised, nor could there be, that the record does not contain the requisite findings and reasons. The trial court systematically considered each criterion and analyzed it in light of the facts of this case to reach its conclusion that the defendant should be sentenced as an adult.
[2] We would also add to that list Sawyer v. State, 421 So.2d 4 (Fla. 3d DCA 1982) and Bunch v. State, 399 So.2d 471 (Fla. 2d DCA 1981).
[3] Even if this distinction did not exist, we would reach today's conclusion based on the supreme court opinion in Thompson v. State, supra.