MILLS, Judge,
concurring in part and dissenting in part:
I concur in part and dissent in part.
I agree with the majority that strict compliance with the provisions of Section 39.-03(3) is mandatory and failure to comply results in reversible error. W.Y. v. State, 414 So.2d 659 (Fla. 1st DCA 1982); see also, D.C. v. State, 436 So.2d 203 (Fla. 1st DCA, 1983); Rhoden v. State, 421 So.2d 780 (Fla. 2d DCA 1982). I also agree with the majority that Section 39.11 must be read in pari materia with Section 39.09, and failure to strictly comply with the requirements of that section may also result in reversible error.
The trial court also erred in committing T.S.J. without mandatory statement of the specific dispositional reasons and without entering an order revoking T.S.J.’s community control.
I would reverse on these errors and remand to the trial court for correction.
Although the majority correctly states the facts, it overlooked reciting that upon Dianne’s return to her apartment the door was unlocked and a window screen was removed. The door had been locked and the screen in place when she departed.
The trial court correctly denied T.S.J.’s motion for judgment of acquittal because the evidence adduced at trial was sufficient to prove the charge of burglary. I would affirm on this issue.
Dianne testified that neither T.S.J. nor the others had permission to be in the apartment. Entry into the apartment was obviously made through a locked door or a latched window screen. T.S.J. made and ate an ice cream cone while in the apartment and later bought gasoline with pennies taken from the apartment.
The trial court concluded from the evidence presented to it that the only reasonable interpretation was that T.S.J. entered the apartment to commit burglary. I agree.
A party moving for a judgment of acquittal admits all facts adduced in evidence and every conclusion favorable to the State which is fairly and reasonably inferable therefrom. Victor v. State, 141 Fla. 508, 193 So. 762 (1939). A trial court should rarely, if ever, grant a motion for judgment of acquittal based on the State’s failure to prove mental intent. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982). The test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury might reasonably so conclude. Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978). The circumstantial evidence presented at this trial is sufficient to withstand a motion for judgment of acquittal and is sufficient to support the conviction. The evidence is also inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977).
The trial court did not abuse its discretion in denying T.S.J.’s motion for continuance. I would affirm this issue.
T.S.J. contended that the State was deliberately delaying the disposition of the other perpetrators’ cases to prevent them from giving exculpatory testimony for him. He argues that Lawley v. State, 330 So.2d 784 (Fla. 1st DCA 1976), expressly prohibits such tactics. The record in Lawley establishes that the plea bargain in that ease was conditioned on the requirement that the codefendants invoke the Fifth Amendment and not testify in the remaining defendant’s trial. Here, the record contains only allegations and no evidence of such prosecu-tional misconduct. When the co-perpetrator was called to testify, he invoked his Fifth Amendment right and refused to testify. Lawley was not violated. There is no evidence in this case that the State was intentionally suppressing evidence.