PER CURIAM.
In this consolidated appeal two juveniles contend that the trial court erred in sentencing them as adults without securing a predisposition report and without making written findings of suitability for adult sanctions as required by section 39.111(6), Florida Statutes (1981). We agree and reverse.
Both appellants were charged by information filed October 29, 1982, with the grand theft of a 1982 Ford Thunderbird. Pursuant to a negotiated plea, E.C. entered a nolo contendere plea to the grand theft charge. The plea was accepted by the trial court, which in turn ordered a presentence investigation report (PSI). When E.C. was finally adjudicated guilty, counsel advised the judge that since his client was a juvenile he had requested HRS to prepare a predisposition report, that HRS had responded that the report was not needed because a PSI had instead been prepared, and that while the PSI contained a statement by the HRS supervisors, it did not include a recommendation by HRS. The trial court determined that such a predisposition report would not be materially different from the statement in the PSI, adjudicated E.C. guilty, found him to be a menace to society, and then sentenced him to a five year prison term. Much the same process occurred for appellant L.S.; however, unlike the PSI in E.C.’s case, L.S.’s PSI did not contain recommendations by HRS. L.S., too, was found a menace to society and sentenced to a five year prison term. This appeal ensued.
While a PSI prepared by the Department of Corrections may indeed in some cases be the functional equivalent of a predisposition report, section 39.111(6) clearly mandates by its use of the word “shall” that the predisposition report be prepared by HRS, with a recommendation by HRS, according to the six listed criteria in the statute. Indeed, the courts of this state have consistently read the statute as mandating that certain procedures must be followed when sentencing juveniles as adults, see State v. Cain, 381 So.2d 1361 (Fla.1980); Rhoden v. State, 421 So.2d 780 (Fla. 2nd DCA 1982), and the Second District Court of Appeal has explicitly rejected the notion that a PSI by the Department of Corrections is an adequate substitute for the mandated predisposition report:
The existence of a PSI prepared by the Department of Corrections did not suffice because the purpose of a predisposition report is somewhat different than that of a PSI, and the two reports are prepared by different departments having different perspectives.
Leach v. State, 407 So.2d 1066, 1067 (Fla. 2nd DCA 1981); also see Sawyer v. State, 421 So.2d 4 (Fla. 3rd DCA 1982), where the trial court’s failure to include specific reference to the six criteria contained in the statute required reversal. Moreover, section 39.111(6)(d) requires that “[a]ny decision to impose adult sanctions shall be in writing.” Rhoden v. State, supra.
Accordingly, we vacate appellants’ sentences and remand this cause to the trial court with directions that it obtain a predisposition report from HRS and enter an appropriate order making written findings of suitability for the imposition of adult sanctions.
ERVIN, C.J., JOANOS, J., and CHARLES E. MINER, Jr., Associate Judge, concur.