448 So.2d 1013 (1984)
STATE of Florida, Petitioner,
v.
Learnhart RHODEN, Respondent.
No. 62918.
Supreme Court of Florida.
April 5, 1984.
*1014 Jim Smith, Atty. Gen., David T. Weisbrod and Robert J. Krauss, Asst. Attys. Gen., Tampa, for petitioner.
Jack D. Hoogewind, Ridge Manor, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Second District Court of Appeal reported as Rhoden v. State, 421 So.2d 780 (Fla. 2d DCA 1982), which directly conflicts with Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982); Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981); and Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981). We have jurisdiction, article V, section 3(b)(3), Florida Constitution. This cause concerns the trial court's sentencing of the juvenile respondent as an adult without complying with section 39.111(6), Florida Statutes (1981), which mandates that, when *1015 sentencing a juvenile as an adult, the trial court must explain in writing why adult sanctions are appropriate. In the instant case, the district court reversed the trial court's sentencing of the juvenile respondent as an adult and remanded for resentencing in compliance with the statute. For the reasons expressed below, we approve the district court's decision.
The respondent was initially charged as a juvenile for the offense of discharging a destructive device. At the time of the offense, the respondent was seventeen years old. He was tried as an adult, however, and was convicted and sentenced to a mandatory ten-year term pursuant to section 790.161(3), Florida Statutes (1981). At sentencing, the trial judge failed to address the six criteria pertaining to the suitability or unsuitability of adult sanctions contained in section 39.111(6)(c) and failed to place in writing his findings and reasons for sentencing the respondent as an adult, as required in section 39.111(6)(d). Section 39.111(6)(c) directs that the "[s]uitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition... . [and] shall be made by reference to" six specified criteria.[*] Subsection (6)(d) further directs that "[a]ny decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14." Although the respondent's counsel requested that the trial court give his client youthful offender status, he did not expressly request that the trial judge comply with section 39.111(6). Further, after the respondent's sentence was announced, counsel did not object to the trial judge's failure to place in writing his findings and reasons for imposing adult sanctions on the respondent.
On appeal, the district court reversed and remanded for resentencing, holding "the disposition procedures under section 39.111(6) are mandatory and necessitate a reversal regardless of whether appellant [respondent here] raised an objection in the trial court." 421 So.2d at 781. In its opinion, the district court acknowledged conflict with the Fifth District Court of Appeal's decisions in Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981), and Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981). The district court's decision is supported by Sawyer v. State, 421 So.2d 4 (Fla. 3d DCA 1982); Leach v. State, 407 So.2d 1066 (Fla. 2d DCA 1981); Batch v. State, 405 So.2d 302 (Fla. 4th DCA 1981); Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979); and Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979).
The state contends that the issue is whether the trial court's noncompliance with the provisions of section 39.111(6) is fundamental error. The state argues that the Fifth District Court of Appeal's decisions in Burley, Dunman, and Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982), are correct in holding that a trial court's noncompliance with section 39.111(6) is not *1016 fundamental error but is instead procedural error which must be objected to in order for a defendant to preserve the point for appeal. The state asserts that because the respondent did not object to the trial court's failure to follow the statute in this case, respondent could not raise the point for the first time on appeal. The state, while recognizing that under chapter 39, Florida Statutes, the legislature has given youthful offenders the right to be treated as juveniles, asserts that the right to be treated as a juvenile is not so fundamental that it obviates a need for an objection when the trial court fails to comply with certain provisions of chapter 39. Further, the state asserts that the failure to object is a waiver of the right for purposes of appeal and in any post-conviction proceeding. We reject these arguments.
In deciding a related issue in State v. Cain, 381 So.2d 1361, 1367 (Fla. 1980), we said that "[t]he [trial] court must follow the procedure provided in subsection 39.111(6), Florida Statutes (Supp. 1978), and must consider the criteria enumerated in subsection 39.111(6)(c)1-6 which in substantial part mirror the criteria the court is to consider in waiving juvenile jurisdiction in the first place. See § 39.09(2)(c)1-8 Fla. Stat. (Supp. 1978)." Further, as noted above, section 39.111(6)(d) requires that a decision to impose adult sanctions must be in writing. Finally, in section 39.111(6)(j), the legislature emphasized its purpose by stating that "[i]t is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this subsection is subject to the right of the child to appellate review pursuant to s. 39.14." (Emphasis added.) It is abundantly clear that the purpose of this legislation requiring the trial court to place in writing its findings of fact and reasons for imposing an adult sentence on a juvenile is to facilitate an intelligent appellate review of such a sentence. See G.D.W. v. State, 395 So.2d 638 (Fla. 2d DCA 1981).
Further, with regard to the respondent's failure to contemporaneously object to the trial judge's failure to follow the statute in sentencing respondent, we agree with the reasoning of Judge Sharp in her dissent in Glenn v. State. Judge Sharp pointed out that it is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing hearing "since counsel at that stage does not know for sure what the written sentence may be, and a written order pursuant to section 39.111 may indeed be subsequently filed." 411 So.2d at 1368. The contemporaneous objection rule, which the state seeks to apply here to prevent respondent from seeking review of his sentence, was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. See Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Clark v. State, 363 So.2d 331 (Fla. 1978). The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
The juvenile justice statutory scheme, as adopted by the Florida Legislature, grants to juveniles the right to be treated differently from adults. The legislature has emphatically mandated that trial *1017 judges not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but that they also reduce to writing their findings of fact and reasons for imposing an adult sentence on a juvenile. A written order is necessary in order to make effective the right of sentence review granted to juveniles by the legislature. See section 39.14, Florida Statutes (1981). This right of sentence review is not provided to adults. There is absolutely nothing in this record to show that the respondent waived his rights to these matters.
The legislature mandated that trial judges consider the statutory criteria in order to protect the rights which the legislature has given to juveniles. Trial courts cannot avoid that mandate absent an intelligent and knowing waiver of that right by a juvenile.
We hold that the provisions of section 39.111(6) must be followed by a trial judge in sentencing a juvenile as an adult, and the failure to do so requires a remand for resentencing.
For the reasons expressed, we approve the decision of the district court and we agree with the dissent of Judge Sharp in Glenn v. State. We disapprove the decisions of the Fifth District Court of Appeal in Glenn v. State, Burley v. State, and Dunman v. State.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] The six criteria set out in section 39.111(6)(c) are:

1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.