PER CURIAM.
Oliver Junior Webster, a juvenile, was convicted of certain offenses and then sentenced as an adult. In so doing, the trial court committed error because it did not follow the provisions of Section 39.111(6), Florida Statutes (1983).[1] The failure to *696 follow such provisions requires a remand for resentencing. State v. Rhoden, 448 So.2d 1013, 1016-1017 (Fla.1984).
No abuse of discretion was committed in allowing the state to reopen its case.
We affirm Webster’s conviction and remand for resentencing in accordance with the mentioned statute.
HERSEY, C.J., and WALDEN and GUNTHER, JJ., concur.

. (6) When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:
(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child.
(b) After considering the predisposition report, the court, in order to determine suitability, shall give all parties present at the hearing an opportunity to comment on the issue of sentence and any proposed rehabilitative plan. These parties shall include, if present: The parents or guardians of the child, the child’s counsel, the state attorney or assistant state attorney, representatives of the department, the victim or his representative, if any, representatives of the school system, and the law enforcement officers involved in the case.
(c)Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child including:
*696 a. Previous contacts with the department,the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.