HALL, Judge.
Watson, defendant below, appeals the sentences resulting from convictions for two counts of sexual battery upon a child eleven years of age or younger. We affirm the conviction but reverse the sentence and remand for resentencing.
Appellant, a seventeen-year-old, was found guilty of both counts of sexual battery by a jury. At the sentencing hearing, the trial judge, after considering the pre-sentence investigation report and the juvenile predispositional report, orally found that juvenile sanctions were not appropriate because of appellant’s age and insufficient time for supervision in juvenile court. The court then imposed adult sanctions without any written findings to support its determination.
Section 39.111(6)(d), Florida Statutes (1985), provides as follows:
Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.
Accordingly, we reverse the sentence and remand the cause to the trial court with directions to resentence appellant pursuant to section 39.111(6)(c). In the event the court decides to impose adult sanctions, it shall comply with the requirements of section 39.111(6)(d). State v. Rhoden, 448 So.2d 1013 (Fla.1984) and G.D.W. v. State, 395 So.2d 638 (Fla. 2d DCA 1981).
Appellant further contends that the jury verdict found appellant guilty of a felony of the second degree, while the written judgment stated attempted sexual battery as a felony of the first degree. We *993 agree and, upon remand, direct the trial court to correct .the written judgment to accurately reflect the attempted sexual battery as a second-degree felony consistent with the jury verdict.
We find no merit to the other points raised on appeal.
Reversed and remanded with directions consistent with this opinion.
GRIMES, A.C.J., and RYDER, J., concur.