NIMMONS, Judge.
In sentencing appellant as an adult, the trial court failed to comply with the requirements of Section 39.111(6), Florida Statutes (1985), which mandates that, when sentencing a juvenile as an adult, the trial court must explain in writing why adult sanctions are appropriate. The sentence must therefore be reversed and the cause remanded for resentencing. State v. Rhoden, 448 So.2d 1013 (Fla.1984); Johnson v. State, 371 So.2d 556 (Fla. 2nd DCA 1979).
Appellant also asserts an ex post facto violation by reason of the trial court’s assessment of costs under Section 27.-3455(1), Florida Statutes (1985), the offense having occurred three months before the effective date of that section. However, no objection on ex post facto grounds having been made in the trial court, appellant is precluded from raising that point on appeal. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). The state concedes, however, that under Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986), the imposition of such costs should be reversed and the cause remanded for an indigency determination. See also Slaughter v. State, supra.
Finally, we have considered appellant’s argument that the trial court’s jury instruction on voluntary intoxication denied appellant a fair trial. We find appellant's argument to be without merit.
Accordingly, we AFFIRM appellant’s conviction but REVERSE the sentence and REMAND for further proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.