573 So.2d 1090 (1991)
T.H., Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 90-278.
District Court of Appeal of Florida, Fifth District.
February 14, 1991.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.

ON MOTION FOR REHEARING
HARRIS, Judge.
We grant appellant's motion for rehearing and we withdraw our prior opinion.
At approximately 2 a.m. on October 8, 1989, T.H. and four other juveniles were arrested and charged with robbery, trespassing, and resisting arrest without violence. At an adjudicatory hearing on January 8, 1990, Therman Ryza, the victim, testified that he was walking to a restaurant when he was hit in the eye with a glass bottle. As he attempted to run away, he tripped and fell and five youths attacked him. He stated that he was hit and kicked, his shirt ripped off, and his gold chain stolen. He testified that he was not sure who hit him with the bottle but that he was certain that the five youths were the ones who robbed him.
T.H. was found guilty of the charged offenses. A disposition hearing was held on January 23, 1990. The record suggests that a predisposition report was presented at this time which was orally amended by HRS to ask for a commitment. T.H. was committed to the custody of HRS for an indeterminate period of time.
T.H. urges that the court erred by failing to state adequate reasons for committing him. We disagree. The court stated his reason for committing the youth was that robbery is a violent offense. This is a valid reason for commitment.
T.H. next contends that the court erred in not permitting his representatives an opportunity to be heard on the issue of disposition. We agree.
Section 39.09(3) provides:
(c) Before the court determines and announces the disposition to be imposed, it shall:
4. Give all parties present at the hearing an opportunity to comment on the issue of disposition and any proposed rehabilitation *1091 plan. These parties shall include, if present: the parents or guardians of the child; the child's counsel; the state attorney or assistant state attorney; representatives of the department; the victim or his representative, if any; representatives of the school system; and the law enforcement officers involved in the case.
Appellant's mother was present at the hearing. After the trial court announced the commitment, the following transpired:
MR. FOX: We would have items to add to  at sentencing, Your Honor.
THE COURT: This is the sentencing. What did you want to say?
MR. FOX: Your Honor, we were just going to speak  hear from the children and the mother.
THE COURT: They are committed. There is no reason to talk anymore. You can give me a written report if you wish. They're committed.
Although this appears to be a case of first impression, Florida courts have held that strict compliance with the provisions of section 39.09(3) is mandatory and failure to comply will result in reversible error. T.J.S. v. State, 439 So.2d 966 (Fla. 1st DCA 1983); Rhoden v. State, 421 So.2d 780 (Fla. 2nd DCA 1982), approved, 448 So.2d 1013 (Fla. 1984). Section 39.09(3)(c) specifically states that before the court determines and announces disposition, it must give all parties present an opportunity to comment on both the disposition and the proposed rehabilitative plan. In the instant case, although appellant's counsel requested that appellant and his mother be permitted to address the court, the trial judge denied the request. Furthermore, at this time the trial judge had already made and announced his decision. The trial judge failed to comply with the mandatory provisions of section 39.09(3).
After the opinion issued in this cause, counsel informed the court that the appellant had reached the age of 19 on December 25, 1990 and that his commitment had been terminated. This renders the appeal moot and this cause is hereby dismissed.
DISMISSED.
COBB and GRIFFIN, JJ., concur.