718 So.2d 260 (1998)
A. F., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0749.
District Court of Appeal of Florida, First District.
September 4, 1998.
Rehearing Denied October 7, 1998.
*261 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this case, appellant, a juvenile, was charged with one count of simple battery. An adjudicatory hearing was held and appellant was found guilty. The court entered a single disposition order disposing of this case and six others. Appellant appeals and asserts a number of errors. We reverse.
The state argues that even if the trial court erred, none of the errors have been preserved for review and cannot be raised on appeal. In the past the state's argument has been based on section 924.051, Florida Statutes (Supp.1996), which is part of the 1996 Criminal Appeal Reform Act. That argument has been rejected by this court in a number of other cases. See, e.g., T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), approved, 716 So.2d 269 (Fla.1998); J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___ (Fla. 1st DCA July 7, 1998); M.J.P. v. State, 22 Fla. L. Weekly D2090, ___ So.2d ___ (Fla. 1st DCA September 3, 1997). Instead, the state argues that Florida Rule of Appellate Procedure 9.140(d) prohibits appellant from raising any of these issues. Rule 9.140(d) provides:
A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
By virtue of the reference to Florida Rule of Criminal Procedure 3.800(b), the construction of the rule itself indicates it was not intended for application in juvenile proceedings. Juvenile proceedings are not criminal proceedings, and are not governed by the Florida Rules of Criminal Procedure, but instead are subject to the Florida Rules of Juvenile Procedure. The Florida Supreme Court has held that rules are applicable only in the type of proceeding for which they were promulgated. For example, in Steinhorst v. State, 636 So.2d 498 (Fla.1994), a criminal appellant filed a motion for relief from judgment pursuant to Rule 1.540 seeking to have the judge's determination in a collateral proceeding declared null and void because of the judge's undisclosed conflict of interest. The Florida Supreme Court stated that by its own terms, Rule 1.540 applies only to civil cases, and any relief sought should have been sought under the criminal rules, specifically in that case under Rule 3.850. Similarly, Rule 3.800(b) applies only in criminal cases. Furthermore, this court has specifically stated *262 on a number of occasions that juveniles do not have the opportunity to correct an illegal sentence pursuant to Rule 3.800(b), nor do they have access to collateral proceedings under Rule 3.800 or 3.850. See, e.g., T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), approved 716 So.2d 269 (Fla.1998); J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___ (Fla. 1st DCA July 7, 1997); Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997).
Applying Rule 9.140(d) in the absence of the ability to raise an issue related to an illegal sentence via Rule 3.800(b) would require juveniles to raise any alleged error at the time of sentencing, and would effectively preclude review of the written disposition that follows sentencing. As the Florida Supreme Court noted in State v. Rhoden, 448 So.2d 1013 (Fla.1984), not only are the purposes for the contemporaneous objection rule non-existent in sentencing proceedings, but it would be difficult or impossible for counsel to contemporaneously object to errors in the disposition at the sentencing hearing because the written disposition is not filed until after the hearing. The Court stated in Rhoden:
The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
The juvenile justice statutory scheme, as adopted by the Florida Legislature, grants to juveniles the right to be treated differently from adults.... A written order is necessary in order to make effective the right of sentence review granted to juveniles by the legislature. The right of sentence review is not provided to adults.
Although Rhoden dealt with the requirement that the trial judge make written findings regarding the suitability of adult sanctions, the rationale is equally as applicable in the context of application of Rule 9.140(d), as, in both cases, the juvenile offender would be left without the right of review of their sentence guaranteed under current section 985.234 (formerly section 39.14). The "logical end" envisioned and proscribed by the Florida Supreme Court in Rhoden is precisely the situation raised by A.F. in this case.[1] The written disposition provided for commitment that could be construed to exceed the statutory maximum. Applying Rule 9.140(d) to require that the error be preserved at the time of sentencing would deny A.F. the statutorily guaranteed right to review of the disposition.
In J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___ (Fla. 1st DCA July 7, 1997), this court held:
[A]pplying section 924.051 will result in depriving the juvenile of any opportunity to correct the trial court's error because there is no procedure applicable to juvenile delinquency proceedings which is similar to that created by the supreme court when it amended Florida Rule of Criminal Procedure 3.800(b) to permit motions to correct sentencing errors; nor is there any procedure for collateral review in juvenile delinquency proceedings which is similar to that afforded to adults convicted of crimes by Florida Rule of Criminal Procedure 3.850. Thus, juveniles who wish to challenge the terms of a disposition order will be left without any means to do so. It seems to us that such a result would pose serious constitutional problems. Depriving a juvenile of the right to review in such a case might well run afoul of article V, section 4(b), of the Florida Constitution. In addition, it seems to us that such a result would raise serious questions under the due process and equal protection clauses of both the state and federal constitutions. (citations omitted).
Application of Rule 9.140(d) to juvenile proceedings would raise the identical federal and state constitutional issues that application of section 924.051 would raise. As we said in J.M.J., there is no collateral *263 review in juvenile delinquency proceedings similar to that afforded to adults by Florida Rule of Criminal Procedure 3.850. Application of Rule 9.140(d), therefore, would leave juveniles who wish to challenge the terms of a disposition order without a means to do so. We hold, therefore, that Rule 9.140(d) cannot be applied to limit juvenile appeals.
Appellant asserts that a separate order should have been entered for each offense. We agree. As this court previously stated in J.M.J., single orders addressing multiple offenses can lead to considerable confusion, particularly in cases such as this one where the degree and severity of the offenses vary.
Appellant also asserts the disposition order's failure to state the duration of commitment or community control was error in this case. We agree. The state cites E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992), as authorizing the language used in the disposition, but E.J. is inapposite. In E.J., appellant would have reached the age of 19 prior to the expiration of the statutory maximum, therefore there was no way to construe the disposition order in a way that would cause the sentence to be illegal, i.e., to exceed the statutory maximum. In the instant case, appellant is only 15 years old, and the statutory maximum for simple battery is only one year. The disposition order does not limit the sentence to the statutory maximum or age 19, whichever comes first, therefore it could be construed in such a way as to extend commitment to age 19, well beyond the statutory maximum for this offense.
We therefore vacate the disposition, and remand to the trial court for entry of separate orders of adjudication and of post commitment community control for each offense, with each order specifying how long the commitment and post-commitment community control is to last. See A.L.W. v. State, 22 Fla. L. Weekly D2227, ___ So.2d ___(Fla. 1st DCA September 16, 1997).
ERVIN, MINER and KAHN, JJ., concur.
NOTES
[1] We recognize that for criminal proceedings Rhoden has effectively been overruled. We believe, however, that the rationale is still applicable in juvenile proceedings.