448 So.2d 85 (1984)
Val Lee RATHBONE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2058.
District Court of Appeal of Florida, Second District.
April 11, 1984.
*86 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Val Lee Rathbone appeals from the sentences imposed upon his plea of guilty to burglary of a conveyance and grand theft. We remand for reconsideration of the sentences.
In May 1983, Rathbone was charged by information with burglary of a conveyance and grand theft. At the time of the commission of these offenses, April 6, 1983, Rathbone was seventeen years of age. Three days later, Rathbone reached his eighteenth birthday.
A plea agreement was entered into through which Rathbone would plead guilty to the charges and would receive probation and be required to pay restitution and a fine. At the sentencing hearing, the trial court reviewed a presentence investigation report and a predisposition report, the latter recommending that juvenile sanctions be imposed. Counsel for Rathbone stated to the court that the court must determine, prior to the imposition of sentence, whether Rathbone should be treated as a juvenile or as an adult. The court recognized that this determination should be made, but stated "that in view of the fact that Mr. Rathbone has now reached his eighteenth birthday that it would be inappropriate to place him on community control under juvenile sanctions."
Both parties agree that section 39.111(6), Florida Statutes (1983), is applicable to this case. It was incumbent upon the trial court to determine the "[s]uitability or nonsuitability for adult sanctions ... before any other determination of disposition. The suitability determination shall be made by reference to" the criteria enumerated in the statute. § 39.111(6)(c). Additional considerations are provided for in section 39.111(6). The trial court's failure to follow the procedure outlined in section 39.111(6) is reversible error. Rhoden v. State, 421 So.2d 780 (Fla. 2d DCA 1982). See also T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983); State v. Cain, 381 So.2d 1361 (Fla. 1980).
We therefore AFFIRM the trial court's acceptance of Rathbone's plea of guilty but REVERSE the disposition and REMAND for reconsideration of the sentences. In pronouncing sentence, the trial court shall follow the criteria contained in section 39.111(6), Florida Statutes (1983).
OTT, C.J., and BOARDMAN, J., concur.