451 So.2d 485 (1984)
Moses DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-654.
District Court of Appeal of Florida, Third District.
March 20, 1984.
On Rehearing June 26, 1984.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
The judgments of conviction and sentences under review are affirmed upon a holding that: (a) the defendant, a juvenile, voluntarily entered into a plea negotiation agreement below wherein he pled nolo contendere to the charges and agreed that the court would order a pre-sentence investigation report and thereafter sentence him to no more than five years imprisonment, (b) the defendant was sentenced in accord with the plea negotiation agreement to five years imprisonment (concurrent terms on both charges) after the court reviewed a pre-sentence investigation report ordered in the case, and (c) by voluntarily agreeing to be sentenced as an adult and by not properly objecting to the imposition of sentence below, the defendant has waived his procedural right to written trial court findings on the suitability of adult sanctions, § 39.111(6)(c), (d), Fla. Stat. (1983), and to a predisposition report on whether he should be treated as a juvenile for dispositional purposes. § 39.111(6)(a), Fla. Stat. (1983). Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982).
Affirmed.

ON REHEARING
The defendant has filed a motion for rehearing in which he relies on State v. *486 Rhoden, 448 So.2d 1013 (Fla. 1984), and Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984) [decided subsequent to our original decision in this cause] for the proposition that it is fundamental error for a trial court to impose adult sanctions on a juvenile defendant without making written trial court findings on the suitability of adult sanctions as required by Section 39.111(6)(c), (d), Florida Statutes (1983), whether the adult sanctions are imposed after a trial or, as here, upon a plea of guilty or nolo contendere. We entirely agree and therefore grant the defendant's motion for rehearing, affirm the judgments of conviction under review, reverse the sentences under review and remand for resentencing in compliance with Section 39.111(6)(c), (d), Florida Statutes (1983).
Affirmed in part; reversed in part and remanded.