NIMMONS, Judge.
Broome, a juvenile, was prosecuted and sentenced as an adult. On appeal he complains of the trial court’s failure to comply with the requirements of Section 39.111(6), Florida Statutes (1983), pertaining to the suitability or unsuitability of adult sanctions.
The state claims that the defendant waived his right to raise such issue on appeal because, although defense counsel interposed an objection at sentencing to the defendant’s being sentenced as an adult, counsel did not state his grounds with sufficient particularity in that he failed to specifically raise the requirements of Section 39.111(6). We have no difficulty in rejecting that position in view of the Supreme Court’s decision in State v. Rhoden, 448 So.2d 1013 (Fla.1984). In that case, Rho-den’s counsel did not request that the trial judge comply with Section 39.111(6) and interposed no objection to the trial judge’s failure to place in writing his findings and reasons for imposing adult sanctions. Nevertheless, the Supreme Court held that Rhoden had not waived his right to raise on appeal the trial court’s failure to comply with the requirements of Section 39.111(6) and that the contemporaneous objection rule was no bar to his right to appellate review on that question. The court concluded:
The legislature mandated that trial judges consider the statutory criteria in order to protect the rights which the legislature has given to juveniles. Trial courts cannot avoid that mandate absent an intelligent and knowing waiver of that right by a juvenile.
We hold that the provisions of section 39.111(6) must be followed by a trial judge in sentencing a juvenile as an adult, and the failure to do so requires a remand for resentencing.
Id. at 1017.
The state also contends that Rhoden is distinguishable because it did not, as in the instant case, involve a negotiated plea. The state, therefore, urges that we follow the decision of the Fifth District in Pendar *1272 vis v. State, 400 So.2d 494 (Fla. 5th DCA 1981). We are unable to determine from the Pendarvis opinion[1] whether the parties negotiated for a sentence certain. If so, we might agree that the Fifth District was correct on the facts of that case.
The plea negotiations in the instant case were spelled out during the plea dialogue. The defendant had been charged with various crimes in multiple counts of three in-formations. The state and defense negotiated for pleas of nolo contendere as to some of the charges with the state agreeing to nolle prosse the remaining charges. The state also agreed that if the court determined to sentence the defendant to state prison, the state would recommend that he be sentenced as a youthful offender. All agreed that the trial court was not bound to follow the state’s recommendation.
As can be seen, there was nothing in the plea negotiations which suggested that the defendant was waiving or bargaining away his right to have the court consider the suitability or unsuitability of adult sanctions pursuant to Section 39.111(6). Compare Dixon v. State, 451 So.2d 485 (Fla. 3rd DCA 1984).
Accordingly, although the judgments are affirmed, the sentences are reversed and remanded for resentencing in conformance with the provisions of Section 39.111(6).
MILLS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.

. The opinion in Pendarvis is set forth in its entirety as follows:
This is an appeal from a sentence which was not in accordance with section 39.111(6), Florida Statutes (1979), which requires certain benefits be afforded juveniles appearing in adult criminal court. Ordinarily, the failure to comply with this section would cause us to reverse the sentence and remand the matter for resentencing. But here it is clear from the record the sentence was the result of a plea bargaining process agreed to by the parties and the judge and clearly not an otherwise illegal sentence. Of course, appellant did not object below. We would be hard put to try to explain to the trial judge where he erred when he did everything everyone, except appellate counsel, agreed to. Compare Austin v. State, 400 So.2d 495 (Fla. 5th DCA 1981), issued this date.