PER CURIAM.
Saskowitz was serving three concurrent five year terms of probation, stemming from three successive informations alleging illicit drug activity which had occurred prior to October 1, 1983, when, in January of 1985, he was charged with violating probation. Saskowitz pleaded guilty to violating probation in all three cases, probation was revoked, and he was sentenced without an affirmative selection under the guidelines to fifteen years of imprisonment.
The trial court departed from the guidelines, stating that Saskowitz committed the identical offenses for which he was placed on probation, disregarded the criminal justice system and was unable to conform to probation.
Saskowitz’s first point on appeal attacks the convictions resulting from an original five count information in spite of the fact that that information had been amended to contain only two counts. It is fundamental error to convict a person of an offense which is not charged. Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983). Thus, Saskowitz’s convictions for the three uncharged counts are vacated.
Saskowitz also correctly claims that it was error for the trial court to sentence him pursuant to the guidelines for a pre-guideline offense, absent an affirmative election. See State v. Boyett, 467 So.2d 997 (Fla.1985); Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985). Accordingly, we also vacate the sentences based upon a departure from the guidelines.
Saskowitz’s third and final claim pertains to other sentencing guideline matters which we need not reach because of the lack of affirmative selection.
This matter is remanded to the trial court for further sentencing proceedings consistent with this opinion. In the event Saskowitz elects to be sentenced pursuant to Rule 3.701, the trial court may depart for valid reasons.
GRIMES, A.C.J., and SCHOONOVER and FRANK, JJ., concur.