WIGGINTON, Judge.
We have before us an appeal from a sentence imposed following a plea of nolo contendere to charges of grand theft of a motor vehicle and petit theft. The plea was entered with the understanding that appellant would be sentenced as a youthful offender to no more than eighteen months in prison. However, when appellant, seventeen years old at the time, appeared before the court for sentencing, arguments were made by the State and defense counsel directed to the propriety of the court’s imposing adult sanctions in light of appellant’s juvenile status. Nevertheless, the court sentenced appellant to eighteen months in prison to be followed by two years’ probation for the grand theft offense, and to sixty days in county jail for the petit theft charge. Following the oral pronouncement of the judgment and sen *1351 tence, appellant’s counsel objected on the basis that the court must set forth written reasons when sentencing a juvenile as an adult. The State responded that it would prepare such an order, and the court so directed, observing that it had just recited appellant’s juvenile record, which indicated that the juvenile system had failed appellant. However, no written order was entered. Now, on appeal, appellant challenges the sentence as illegal, as having been imposed in contravention of section 39.111, Florida Statutes (1985). We agree, and reverse.
Section 39.111(6) requires that the court shall determine the “[suitability or non-suitability for adult sanctions ... before any other determination of disposition,” and shall do so by making reference to certain enumerated criteria. Significantly, section 39.111(6)(d) requires that any decision to impose adult sanctions shall be in writing.
The provisions of section 39.111(6) “must be followed by a trial judge in sentencing a juvenile as an adult, and the failure to do so requires a remand for resentencing.” State v. Rhoden, 448 So.2d 1013, 1017 (Fla. 1984); Broome v. State, 466 So.2d 1271 (Fla. 1st DCA 1985). Although the supreme court in Rhoden suggested that there might be circumstances under which the juvenile may waive that right, there is nothing in the record herein suggesting that appellant waived or bargained away his right to have the court consider the suitability or unsuitability of adult sanctions pursuant to section 39.111(6). Indeed, as referenced above, the transcript of the sentencing hearing reveals that the issue was fully discussed without reference by the State as to the plea bargain and a possible waiver. Compare Broome; but cf. Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981).
We also note that the sentence imposed was not in conformance with that for which appellant bargained. Accordingly, on remand, appellant may elect to withdraw his plea.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JO ANOS and ZEHMER, JJ., concur.