528 So.2d 521 (1988)
Tyrone DAVIS, a/k/a Tyrone Williams, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1680.
District Court of Appeal of Florida, Second District.
July 20, 1988.
*522 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Tyrone Davis appeals his sentence for grand theft and burglary of a conveyance. We find that the trial court erred in sentencing Davis beyond the maximum authorized by statute and remand for resentencing.
Pursuant to a plea agreement, Davis pled nolo contendere to grand theft and burglary of a conveyance occurring on November 12, 1985 and March 10, 1986 respectively, and was sentenced as a youthful offender to four years imprisonment to be followed by two years community control on each charge to run concurrently. Grand theft and burglary of a conveyance, as charged in the information, are both third-degree felonies punishable by a maximum five years imprisonment. When the trial judge imposed four years imprisonment followed by two years of community control concurrently on each charge, he exceeded the statutory maximum. State v. Milbry, 476 So.2d 1281 (Fla. 1985). See Committee Note to Fla.R.Crim.P. 3.701(d)(12).
Davis argues that the trial judge erred in failing to provide written reasons for departing from the guidelines and for imposing adult sanctions pursuant to section 39.111(6)(d), Fla. Stat. (1985). Because the adjudication was entered pursuant to a plea agreement, however, we find the need for such written reasons has been obviated. See Johnson v. State, 458 So.2d 850 (Fla. 2d DCA 1984); Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984). See also State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
We, therefore, affirm the convictions, but remand for resentencing within the statutory maximum sentences.
Remand for resentencing.
SCHOONOVER, A.C.J., and PARKER, J., concur.