534 So.2d 1181 (1988)
Buddy L. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0166.
District Court of Appeal of Florida, Fourth District.
November 2, 1988.
As Clarified on Rehearing December 28, 1988.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Margarita Muina Febres, Asst. Atty. Gen., Miami, for appellee.
GLICKSTEIN, Judge.
Appellant was charged by information with burglary of a dwelling. A juvenile at the time of the offense, he was tried by a jury and found guilty as charged. During the sentencing hearing appellant's counsel stated appellant requested treatment as a youthful offender, which request the court granted, sentencing appellant to thirty months' imprisonment. The record contains neither a sentencing guidelines scoresheet nor a written order setting forth specific findings of fact and reasons for imposing adult sanctions, as delineated in section 39.111(7)(c) and (d), Florida Statutes.
The question here is whether the trial court erred reversibly by failing to enter an order stating the bases for its decision to impose adult sanctions, as required in section 39.111, Florida Statutes (1987). We conclude it did.
In Dixon v. State, 451 So.2d 485 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984), the appellate court initially affirmed judgment and sentence of a juvenile who voluntarily entered into a plea negotiation agreement wherein he pleaded nolo contendere and agreed to a sentence not to exceed five years, which is the sentence that was entered. However, on rehearing the court reversed the sentence (but not the conviction), on the ground that under State v. *1182 Rhoden, 448 So.2d 1013 (Fla. 1984), as well as Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984), it is fundamental error for a trial court to impose adult sanctions without making the required written findings pursuant to section 39.111, regardless of whether it was after trial, or upon a nolo plea, or a guilty plea.
It is noteworthy that in Rathbone the parties agreed that the trial court had erred in not carrying out the section 39.111 procedure, albeit there was a plea agreement. There the defendant's counsel had told the trial court it must make a determination whether his client should be treated as a juvenile or as an adult. The court acknowledged this should be done, but stated it would be inappropriate to put the appellant under juvenile sanctions because he was now eighteen.
Rhoden suggests it is possible for the defendant to waive the section 39.111 mandate. It appears to us that where waiver has been found to have occurred it was because, in connection with the plea bargain, the defendant was questioned in open court, as is customarily done, to determine whether his plea was intelligent and knowing. If his plea was intelligent and knowing, he had waived the section 39.111 procedure, having intelligently and knowingly agreed to imposition of the particular adult sanctions.
Accordingly, we could not legitimately find that appellant here had intelligently and knowingly waived his right to the application of the statutorily stated criteria in order to determine whether he should be sentenced as other than a juvenile. The record of the sentencing hearing is only two pages. The defendant's counsel requested that his client be treated as a youthful offender. At no time did the court question the defendant in order to determine whether this was his intelligent and knowing request. The public defender points out in her brief that we cannot tell from the record whether the defendant even knew he had a right to request treatment as a juvenile. Accordingly, we conclude the trial court erred reversibly by failing to apply the statutory criteria and state in writing the facts and reasons prompting treatment of appellant as a youthful offender, and we reverse and remand the sentence only, with directions to proceed in accord with the Juvenile Justice Act.
DOWNEY and DELL, JJ., concur.