566 So.2d 1354 (1990)
Jason Lee LANG, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2020.
District Court of Appeal of Florida, Fifth District.
September 13, 1990.
*1355 Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
James B. Gibson, Public Defender, and George D.E. Burden, Asst. Public Defender, Daytona Beach, for appellant.
GRIFFIN, Judge.
This is an Anders appeal. Upon review of the record, this court identified an issue concerning the sentencing of this juvenile as an adult and requested supplemental briefs. We now reverse.
Appellant and two others left the Orange County fair one evening, went over to a nearby motel, robbed an individual at gunpoint, stole his van, and attempted to elude police. Appellant drove the stolen van and it appears that he may have supplied the weapon, although he was not the person who wielded the weapon during the robbery. He admitted his involvement to police. Appellant was 16 years of age at the time of the offense and had no prior juvenile or adult record. He was a student at Jones High School and had successfully held down a part-time job for several months before his arrest. His home environment was generally stable: both parents together, father self-employed, mother working, a 14 year old brother. There was no evidence of involvement with drugs or alcohol.
Appellant was charged as an adult with armed robbery, a first degree felony punishable by imprisonment for a term of years not exceeding life imprisonment. § 812.13(2)(a), Fla. Stat. (1989). He entered into an agreement to plead guilty to the reduced charge of robbery with a weapon, with a recommendation from the state for a guidelines sentence.[1] The recommended guidelines range was 2 1/2 to 3 1/2 years.
A presentencing investigation ("PSI") and predisposition report ("PDR") were ordered. The PDR and PSI recommended juvenile sanctions due to appellant's lack of prior record, lack of prior exposure to any juvenile rehabilitation program and his stable home environment.
At the sentencing hearing, the judge stated: "I have determined that it was suitable to impose adult sanctions and a written order to that effect finding specifically that the defendant committed armed robbery in this case. And a juvenile disposition is inadequate for a person of the defendant's age and maturity who committed this crime."
Defense counsel asked the court to reconsider its decision because: (1) the defendant did not enter a plea to armed robbery but to the lesser charge of robbery with a weapon; (2) the defendant had no prior juvenile or adult criminal record; (3) the police report, PSI and PDR indicated that the defendant had simply fallen in with the wrong crowd and was a minor participant; and (4) he had a positive, two-parent home environment. Defense counsel urged the court to either impose juvenile sanctions or, if the court chose to impose adult sanctions, to withhold adjudication and place *1356 the defendant on either probation or community control.
The trial court rejected defense counsel's entreaties and gave appellant the maximum guidelines sentence of 3 1/2 years incarceration. The judge prepared and filed an order imposing adult sanctions, which consisted of completing a check list that principally recited that the judge had considered a series of criteria that track the six statutory criteria for imposition of adult sanctions under section 39.111(7)(c), Florida Statutes.[2] The form order, entitled "Determination of the Suitability of Imposing Adult Sanctions", sets forth that the judge had, "[c]onsidered each of the factors listed below, and having made these findings of facts as indicated by my initials to the left of said factors, the reasons for each finding having been stated in the record[.]"[3] The record discloses no findings beyond the one quoted above.
On appeal, we denied the public defender's Anders motion to withdraw and ordered the public defender to submit a supplemental brief addressing whether appellant waived the right to have specific findings of fact made in regard to the imposition of adult sanctions pursuant to section 39.111(7)(c), Florida Statutes, as the result of a plea agreement to a sentence within the guidelines and, if not, whether the trial court's "Determination of suitability of imposing Adult Sanctions" complies with the requirements of section 39.111, Florida Statutes.
In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the supreme court stated:
The legislature mandated that trial judges consider the statutory criteria in order to protect the rights which the legislature has given to juveniles. Trial courts cannot avoid that mandate absent an intelligent and knowing waiver of that right by a juvenile.
Id. at 1017. The supreme court also noted that the juvenile justice statutory scheme, as adopted by the Florida legislature, granted juveniles the right to be treated differently from adults and that trial courts must not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but must reduce to writing the necessary findings and reasons for imposing an adult sentence on a juvenile. The absence of such a record is fundamental error. Rhoden, however, did not involve a plea agreement.
The state's supplemental answer brief argues that the defendant waived his right to specific findings of fact when he entered a negotiated plea and that the defendant agreed to accept adult sanctions in exchange for being able to plead to a lesser offense.
We must first address whether a juvenile's negotiated plea of guilty to a reduced charge and recommended guidelines sentence necessarily acts as a waiver of the requirement that the judge address the six specified criteria for the imposition of adult sanctions and make adequate findings on each as required by Rhoden.
Prior to Rhoden, this court held that when a juvenile is sentenced as a result of a plea agreement, the trial judge does not have to satisfy the requirements of section 39.111. Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981). After Rhoden, the First District Court of Appeal, in Broome v. State, 466 So.2d 1271, 1272 (Fla. 1st DCA 1985), indicated that it could agree with this court's decision in Pendarvis if the juvenile had negotiated for a "sentence certain."
Florida Rule of Criminal Procedure 3.171 permits the prosecutor, in exchange for the defendant's plea of guilty, to do any of the following:
(A) Abandon other charges; or

*1357 (B) Make a recommendation, or agree not to oppose the defendant's request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the trial judge; or
(C) Agree to a specific sentence.
Rule 3.171(b). In Broome, the defendant agreed to plead guilty to some charges; the state agreed to nol pros others and to recommend that the defendant be sentenced as a youthful offender. The judge was not bound to follow the state's sentencing recommendation and was free to impose juvenile sanctions, if he chose. The First District concluded that the trial court should have considered the suitability of imposing adult sanctions because there was nothing to suggest the defendant had waived the right to have the trial court consider this issue.
In Sheffield v. State, 509 So.2d 1350 (Fla. 1st DCA 1987), the First District was presented with a similar issue and concluded:
Although the supreme court in Rhoden suggested there might be circumstances under which the juvenile may waive that right, there is nothing in the record herein suggesting that appellant waived or bargained away his right to have the court consider the suitability or unsuitability of adult sanctions pursuant to section 39.111(6). Indeed, as referenced above, the transcript of the sentencing hearing reveals that the issue was fully discussed without reference by the state as to the plea bargain and a possible waiver. Compare Broome; but cf., Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981).
509 So.2d at 1351. See also Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984); Dixon v. State, 451 So.2d 485 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla. 1984). See Taylor v. State 534 So.2d 1181 (Fla. 4th DCA 1988). But see Davis v. State, 528 So.2d 521 (Fla. 2d DCA), rev. denied, 536 So.2d 243 (Fla. 1988).
A juvenile can waive his rights under section 39.111 but such a waiver must be manifest either in the plea agreement or on the record. We can find no waiver in the present case. Here the record indicates that neither counsel considered the issue of juvenile status to have been preempted by the plea agreement. Defense counsel vigorously sought juvenile status after the plea bargain and the state never claimed this issue was waived. Moreover, the fact that an order purporting to comply with section 39.111, Florida Statutes, was entered indicates waiver was not a feature of the plea agreement.
Having concluded that appellant has a right to proper findings before being sentenced as an adult, we next must examine whether the trial court's order of "Determination of Adult Sanctions" complies with the requirements of section 39.111. The check list in the instant case, which the judge initialed to indicate that the court considered the six criteria, does not satisfy section 39.111(7)(d) because the court must render a specific finding of fact and the reasons for the decision to impose adult sanctions using all six criteria. Keith v. State, 542 So.2d 440, 441 (Fla. 5th DCA 1989). Here the check list reflects conclusions. Smith v. State, 543 So.2d 419, 420 (Fla. 5th DCA 1989). Although the trial judge may make the findings of fact on the record at the sentencing hearing, in the present case, such findings were not made. Bradley v. State, 559 So.2d 283 (Fla. 4th DCA 1990). The only specific finding made was that the defendant committed an armed robbery.[4] Because of the failure to make the requisite findings, the record in the instant case does not support the trial court's conclusion that this juvenile should be treated as an adult. See Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989). Moreover, in the absence of findings below, we have searched the entire record and can *1358 find no evidence that would support findings adequate to justify sentencing appellant as an adult. Accordingly, we reverse and remand with instructions that this defendant be treated as a juvenile.
REVERSED and REMANDED FOR RESENTENCING.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] The plea agreement stated:

The Judge has made no promises as to what I will receive as a sentence. The prosecutor has recommended the following:
reduce charge to lessor offense; guidelines sic).
[2] Section 39.111(7)(d), Florida Statutes, provides:

Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.
[3] The form is designed so that some "findings" of fact are made by checking off various alternatives, such as the following: "(c) ____ the offense(s) was/were ____ against property ____ against person(s) and personal injury did/did not occur."
[4] The judge did check off that this offense was "serious to the community," was committed in an "aggressive", "willful", "violent" and "premeditated" manner, but these "findings" merely duplicate the "armed robbery" finding. The fact that this child committed an armed robbery is the only basis identified by the trial court for imposing adult sanctions. This reason alone is not sufficient.