WARNER, Judge,
dissenting.
I would reverse based on State v. Rhoden, 448 So.2d 1013 (Fla.1984); Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990); Taylor v. State, 534 So.2d 1181 (Fla. 4th DCA 1988) and Dixon v. State, 451 So.2d 485 (Fla.3d DCA 1984). Rhoden states that compliance with section 39.111(7), Florida Statutes (1989) is mandatory unless there is “an intelligent and knowing waiver of that right by a juvenile.” Id. at 1017. Thus, I conclude that a sentence imposed without such compliance is illegal and subject to correction under Florida Rule of Criminal Procedure 3.800(a). I can find no knowing and intelligent waiver of the requirements of that section in this record.
There appears to be a split of authority in this state with respect to this issue. In Davis v. State, 528 So.2d 521 (Fla.2d DCA 1988), rev. denied, 536 So.2d 243 (Fla.1988) the second district held that where an adjudication was entered pursuant to a plea agreement, the need for written reasons under section 39.111(7)(d) is obviated. However, Lang, Taylor, Dixon, and Sheffield v. State, 509 So.2d 1350 (Fla. 1st DCA 1987), appear to require a knowing waiver of that right, and the mere fact that the sentence was entered pursuant to a plea bargain is insufficient to show waiver.
It appears from the record that possibly the parties and court were under the impression that because appellant was an adult at sentencing that compliance with all of the juvenile procedures was not necessary. However, compliance is required if at the time of the offense the defendant is a juvenile. See Rathbone v. State, 448 So.2d 85 (Fla.2d DCA 1984).
I would reverse and remand for resentencing in compliance with section 39.111(7)(d).