PETERSON, Judge.
Defendant is a juvenile who received adult sanctions for, inter alia, burglary of a conveyance and petit theft. We reverse because of the absence of findings, either oral or written, to support the imposition of adult sanctions on a juvenile as required by section 39.111(7)(d), Florida Statutes (1989),[1] and Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990).
Sullivan’s negotiated plea of nolo con-tendere was accepted by the trial court with the understanding that, if he were sentenced to the Department of Corrections, the term of that sentence would not exceed three years. The trial court then ordered a presentence investigation and predisposition report. After receipt of the reports, a sentencing hearing was held and Sullivan was sentenced as an adult. The record of the hearing indicates that written findings imposing adult rather than juvenile sanctions were to be prepared by the court and would accompany the judgment and sentence, but there are no such findings in the record on appeal.
The state argues that written findings were not necessary because defendant agreed to adult sanctions in his plea agreement. However, the record of the sentencing hearing does not support the state’s argument. The record indicates that the defendant did not waive his statutory right to a written order reflecting the reasons for imposing adult sanctions. The- plea agreement, as explained to the court by counsel for the parties, merely placed a cap of three years in the Department of Corrections for any sentence to be imposed on Sullivan. Whether adult or juvenile sanctions were to be imposed was left open. The record of the hearings clearly indicates that juvenile sanctions were not foreclosed by the plea agreement.
In Lang, this court concluded that a juvenile “has a right to proper findings before being sentenced as an adult” and that, while a juvenile can waive his rights under section 39.111, the waiver must be manifest either in the plea agreement or on the record. Id. at 1357. The defendant in Lang entered a plea agreement that did not limit the penalty to be imposed and that did not specify whether adult or juvenile sanctions would be imposed. At first blush, Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981), might appear to be in conflict with the decision in Lang and with the instant one. However, the distinguishing feature in Pendarvis is that the necessity for the specific findings required by section 39.111(7)(d) was eliminated by the defendant’s agreement as a condition of his plea that he receive a specific penalty that imposed adult sanctions. In Lang and the instant case, while the defendants did enter into plea agreements, they did not agree to *601 any particular sentence. In Lang, no type of penalty was designated, and in the instant case, only a cap of three years’ incarceration was included in the agreement. Apparently, the trial court recognized this distinction when he committed to make the written findings, but by oversight or misfiling, the promised findings never reached the record in this appeal.
We affirm the judgment of guilt but vacate the sentence and remand for compliance with section 39.111(7)(d), Florida Statutes (1989).
AFFIRMED in part; VACATED in part; REMANDED.
DAUKSCH and COBB, JJ„ concur.

. Now section 39.059(7)(d), Florida Statutes (Supp.1990).