592 So.2d 770 (1992)
Darius TOUSSAINT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-901.
District Court of Appeal of Florida, Fifth District.
January 24, 1992.
*771 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant was charged with several criminal offenses, negotiated a sentencing plea agreement and the trial court imposed sentences in keeping with the plea agreement. On appeal the defendant directs attention to the fact that the record (an arrest/notice to appear form) indicates the defendant was born September 2, 1972 and that the charges to which he pled guilty occurred between May 8-11, 1990, or before his 18th birthday, and argues, for the first time on appeal, that the trial court, before imposing adult sanctions on the defendant, was required by section 39.111(7)(d), Florida Statutes, to provide specific findings and reasons why juvenile sanctions were inappropriate and why the defendant should be sentenced as an adult. See Youngblood v. State, 560 So.2d 409 (Fla. 5th DCA 1990).
Section 39.111(7), Florida Statutes (1989)[1] applies to juveniles who are tried upon a direct information as well as to those transferred from the juvenile division. Austin v. State, 400 So.2d 495 (Fla. 5th DCA 1981), rev. denied, 408 So.2d 1095 (1981). Further, it is the age of the defendant at the time of the commission of the offense which is determinative of whether the provisions of section 39.111 apply, not the defendant's age at the time of trial or sentencing. Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988); Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984).
Given the evidence in the record that the defendant was 17 years of age at the time he committed the offenses, the provisions of section 39.111(7)(c), (d) would apply to this case. The defendant did not raise this matter in the trial court but noncompliance with the provisions of section 39.111(7) has been held to constitute fundamental error which may be raised for the first time on appeal. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Further, a juvenile's negotiated plea of guilty does not automatically act as a waiver of the requirements of section 39.111(7). Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990). In Lang, this court held that, "A juvenile can waive his rights under section 39.111 but such a waiver must be manifest either in the plea agreement or on the record." 566 So.2d at 1354. In this case, there is nothing in the record indicating the defendant was aware of and knowingly and intentionally waived his rights under section 39.111(7).
The defendant's sentences are vacated and the cause remanded for the trial court to make a factual determination of whether or not the offenses for which the defendant was sentenced occurred before his eighteenth birthday, and if so, for the court to comply with section 39.111(7)(d), Florida Statutes (1989) and, in any event, to resentence the defendant.[2]
*772 SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] The Legislature overhauled Chapter 39 in 1990 and this included repeal of section 39.111, effective October 1, 1990. See Chapter 90-208, section 17, Laws of Florida. The provisions found in section 39.111(7) can now be found in section 39.059(7).
[2] The defendant, relying on guidelines departure cases, argues that where the trial court fails to initially give valid reasons for rejecting juvenile sanctions and for imposing adult penalties, on remand the defendant must be sentenced as a juvenile. See Pope v. State, 561 So.2d 554 (Fla. 1990). In this case the trial court was apparently unaware of the applicability of section 39.111(7), therefore, this case is more like those guideline departure cases holding that a trial court may, following reversal and remand for resentencing, still depart where the court was unaware in the initial sentencing that it had imposed a departure sentence. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Green v. State, 581 So.2d 253 (Fla. 5th DCA 1991); Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991), rev. denied, 589 So.2d 291 (1991); Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990). In any event this is a negotiated plea case, and if the trial court properly determines, under section 39.111(7), Florida Statutes, that juvenile sanctions are inappropriate and states why the defendant should be sentenced as an adult, OR the defendant with specific knowledge of his rights under section 39.111(7), Florida Statutes (1989) voluntarily and intentionally relinquishes and waives those rights, the same negotiated sentence imposed in this case can again be imposed.