594 So.2d 835 (1992)
Joshua EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01685.
District Court of Appeal of Florida, Second District.
February 26, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Affirmed. See Davis v. State, 528 So.2d 521 (Fla.2d DCA), review denied, 536 So.2d 243 (Fla. 1988).
DANAHY, A.C.J., and THREADGILL, J., concur.
PARKER, J., concurs specially.
PARKER, Judge, concurring specially.
I concur with the majority. But for this court's opinion in Davis, I would reverse this case because the record fails to show that Evans waived the trial court's required findings under Chapter 39, Florida Statutes. I believe a negotiated plea should require the juvenile's waiver of the required trial court findings under Chapter 39. As stated by the Fifth District Court in Toussaint v. State, 592 So.2d 770, 771 (Fla. 5th DCA 1992):
[A] juvenile's negotiated plea of guilty does not automatically act as a waiver of the requirements of section 39.111(7). Lang v. State, 566 So.2d 1354 (Fla.5th DCA 1990). In Lang, this court held that, "A juvenile can waive his rights under section 39.111 but such a waiver must be manifest either in the plea agreement or on the record." 566 So.2d at 1354. In this case, there is nothing in the record indicating the defendant was aware of and knowingly and intentionally waived his rights under section 39.111(7).