596 So.2d 1210 (1992)
Samuel Lavel HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1920.
District Court of Appeal of Florida, First District.
April 8, 1992.
*1211 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., for appellee.
PER CURIAM.
Samuel Lavel Hill, a juvenile, has appealed from his sentencing as an adult for the sale and possession of cocaine. He alleges that the sentence must be reversed, and the case remanded for resentencing, based on the trial court's failure to make written findings on the criteria set forth in section 39.111(7)(c), Florida Statutes (1989). We agree, and reverse and remand for resentencing.
Hill was 16 years old when he was charged with the sale and possession of cocaine. He was convicted by a jury, and came on for sentencing. The suitability or not of adult sanctions must be determined with reference to certain criteria, set forth at section 39.111(7)(c)(1.-6.), Florida Statutes (1989). In addition, section 39.111(7)(d) requires that "[a]ny decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria."
The trial court herein, at sentencing, recognized the need for a determination regarding the imposition of adult sanctions, and requested argument from defense counsel. Counsel responded that, "I think I've expressed what seems to be the only reasonable solution for this matter for the court. And that would be to either sentence him as a youthful offender; or under just a straight adult sentence. I think I would be remiss to say that juvenile sanctions are appropriate." The trial court agreed, and proceeded to make oral findings on some, but not all, of the section 39.111(7)(c) criteria. He then ruled that Hill would be sentenced as an adult, and imposed two concurrent five-year terms. No written findings on the section 39.111(7)(c) criteria were ever entered.
Appellant argues that this failure to make written findings requires reversal and remand for resentencing under State v. Rhoden, 448 So.2d 1013 (Fla. 1984) (trial judges must not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but must also reduce to writing their findings of fact and reasons for imposing an adult sentence on a juvenile). Appellee state concedes the trial court's error, but notes that Rhoden permits a juvenile to waive his 39.111(7)(c) rights, and argues that defense counsel's remarks, quoted above, constitute such a waiver. We disagree, and find that Hill did not waive his right to written findings on the section 39.111(7)(c) criteria.
Waiver by a juvenile of his rights under section 39.111 must be knowing and intelligent, Rhoden, and must be manifest on the record. Lang v. State, 566 So.2d 1354, *1212 1357 (Fla. 5th DCA 1990). The state's reliance on the above-quoted remarks by defense counsel is misplaced. This statement is not a "manifest" waiver of the right to findings under section 39.111. Further, the trial judge himself did not believe that a waiver had occurred, in that he thereafter proceeded, albeit from memory and incompletely, to make the findings orally.
Because the record does not reflect a manifest waiver by Hill of his right to section 39.111 findings, and because the failure to make such findings in writing is reversible error regardless of objection, Rhoden at 1016, we reverse the sentence imposed herein, and remand for resentencing in compliance with section 39.111.
JOANOS, C.J., and ERVIN and WIGGINTON, JJ., concur.