601 So.2d 1326 (1992)
Matrion CROSKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02523.
District Court of Appeal of Florida, Second District.
July 10, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
EN BANC
THREADGILL, Judge.
We have decided to hear this case en banc in order to resolve an intradistrict conflict between Davis v. State, 528 So.2d 521 (Fla. 2d DCA), rev. den., 536 So.2d 243 (Fla. 1988), and Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984). The issue we examine is whether, in the absence of an intelligent and knowing waiver, it is reversible error for a trial court to impose adult *1327 sanctions upon a juvenile without making the findings required by section 39.059(7), Florida Statutes (Supp. 1990), even though the sanctions were imposed pursuant to a negotiated plea agreement which omits any reference to the foregoing statute. We approve Rathbone and recede from Davis and its progeny to the extent it conflicts with this opinion.
Section 39.059(7) sets forth the procedure to be followed in sentencing a juvenile who has been transferred for criminal prosecution as an adult and has been found to have violated Florida criminal law. The statute makes it incumbent upon the trial court to determine the suitability or nonsuitability of adult sanctions by reference to certain enumerated criteria. See § 39.059(7)(c)1-6, Fla. Stat. (Supp. 1990). Section 39.059(7)(d) provides that,
any decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.069.
Croskey, the appellant in the instant case who was sixteen years of age at all times relevant hereto, was charged by information as an adult with the offense of second-degree robbery. Pursuant to negotiations, Croskey entered a plea of nolo contendere in exchange for a sentence of seven years in the Department of Corrections to be followed by five years' probation. The trial court did not reduce its decision to impose adult sanctions to writing. There was no discussion at the sentencing hearing concerning the court's decision to sentence Croskey as an adult. Furthermore, there is nothing in the record that indicates the trial court considered the criteria of section 39.059(7)(c) prior to imposing adult sanctions.
In Davis, we held that a juvenile's plea pursuant to a negotiated plea agreement obviates the need for a trial court to make the required written findings concerning the juvenile's suitability for adult sanctions. In following Davis, we have acknowledged conflict with Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990). See Pittman v. State, 595 So.2d 1101 (Fla. 2d DCA 1992); Sirmons v. State, 595 So.2d 582 (Fla. 2d DCA 1992).
In Lang, the Fifth District held that a juvenile, by entering a negotiated plea, does not necessarily waive the requirement that the trial court consider the enumerated criteria and make the required findings under section 39.111(6) (now § 39.059(7)). The Lang court found that the absence of a record containing the required findings and reasons for imposing an adult sentence is fundamental error, and it reversed the juvenile defendant's sentence. This court in Rathbone reached a similar result by reversing adult sanctions which had been imposed without regard to the procedure set forth in section 39.111(6), even though the sentence was entered pursuant to a negotiated plea. Other districts have agreed with this approach. See e.g. Taylor v. State, 534 So.2d 1181 (Fla. 4th DCA 1988); Dixon v. State, 451 So.2d 485 (Fla. 3d DCA 1984); E.C. v. State, 445 So.2d 661 (Fla. 1st DCA 1984).
The supreme court, in State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984), has recognized that juveniles have the right to be treated differently from adults under the juvenile justice statutory scheme. Id. The Rhoden court noted that in order to protect this right, the legislature has mandated that trial courts consider the enumerated criteria and reduce to writing their findings of fact and reasons for imposing an adult sentence, so as to make effective the right to sentence review granted by statute. Id., at 1017; see § 39.059(7)(d), Fla. Stat. (Supp. 1990). However, our supreme court also indicated that a juvenile may waive the right to have the statutory criteria considered and findings made by the trial court, but the waiver must be intelligently and knowingly made. Id.
After considering this matter en banc, we have determined that the letter and the spirit of section 39.059(7) are best served by the approach in Rathbone. It is possible that a juvenile could enter a negotiated plea in exchange for an adult sentence *1328 without being aware that he has the right to have his suitability for such sanctions considered under chapter 39. We are not satisfied that a plea entered under such circumstances, as in this case, would constitute an intelligent and knowing waiver of that right. Accordingly, we recede from Davis to the extent that it fails to recognize the requirement of an intelligent and knowing waiver.
Because there is no indication in the instant record that the trial court considered section 39.059(7) in sentencing Croskey as an adult, nor that Croskey intelligently and knowingly waived his right to be considered under that statute, we reverse the sentence and remand for resentencing. Upon remand, if the bases for the findings required by section 39.059(7) are present, and if the trial court complies with the statute, it may once again impose adult sanctions. Stickles v. State, 579 So.2d 878 (Fla. 2d DCA 1991).
Reversed and remanded.
LEHAN, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, FRANK, HALL, PARKER, PATTERSON, ALTENBERND and BLUE, JJ., concur.