PER CURIAM.
Shawn Walker, a juvenile at the time his crimes were committed, has appealed from the imposition of adult sanctions in the absence of specific findings by the trial court on the criteria set forth in section 39.059(7)(c)(1H6), Florida Statutes (Supp. 1990). We reverse and remand for resen-tencing.
Walker was charged with three counts of selling cocaine within 1000 feet of a school, committed when he was 17 years old. He pled nolo contendere to the charges in exchange for a guidelines sentence and concurrent minimum mandatory terms. The written plea form did not address his juvenile status. The trial court accepted the plea after the appropriate colloquy, and noted that a pre-disposition report would be required before sentencing, as set forth in section 39.059(7)(a). This is the only indication in the record that the trial court was aware of Walker’s juvenile status. Walker was thereafter sentenced on each count as an adult, within the guidelines.
Walker argues that he must be resen-tenced based on the trial court’s imposition of an adult sentence without making specific findings under the criteria set forth in section 39.059(7)(c)(l)-(6), Florida Statutes. He points out that he did not waive the issue by failing to object, Hill v. State, 596 So.2d 1210 (Fla. 1st DCA 1992), and further maintains that the plea agreement does not constitute a waiver of his right to the findings, in that it does not reflect a knowing and intelligent waiver of that right. Croskey v. State, 601 So.2d 1326 (Fla. 2d DCA 1992) (a plea for an adult sentence does not indicate in and of itself that the juvenile was making a knowing and intelligent waiver of his right to findings under section 39.059(7), F.S.).
This court recently reaffirmed the principle that waiver by a juvenile of his right to findings under section 39.059(7)(c)(l)-(6) before being sentenced as an adult must be knowing, intelligent and manifest on the record. Hill v. State, 596 So.2d 1210, 1211 (Fla. 1st DCA 1992). Although Hill did not involve a plea agreement, Croskey v. State, 601 So.2d 1326 (Fla. 2d DCA 1992), squarely addressed the issue of whether, in the absence of such a knowing and intelligent waiver, it is reversible error for a trial court to impose adult sanctions upon a juvenile without making the required statutory findings, even though sanctions were imposed pursuant to a negotiated plea *1342 agreement which omitted any reference to the foregoing statute. Croskey at 1326.
The Croskey court acknowledged that a juvenile could waive his well-established right to consideration by the trial court of the enumerated criteria, so long as the waiver was knowingly and intelligently made. As to whether a plea agreement for adult sanctions could constitute such a waiver, the court noted the possibility that “a juvenile could enter a negotiated plea in exchange for an adult sentence without being aware that he has the right to have his suitability for such sanctions considered under chapter 39.” Croskey at 1327-28. Finding no indication in the record that Croskey intelligently and knowingly waived his right to be considered under chapter 39, the court reversed the sentences and remanded. Resentencing as an adult was permitted, if there were bases for the required findings and if the trial court complied with the statute.
Similarly, in the instant case, there is no indication in the plea agreement, or in transcripts of the plea and sentencing proceedings, that Walker knowingly and intelligently waived his right to be considered under the statute. We therefore reverse and remand for resentencing, Croskey, and as in that ease, permit reimposition of adult sanctions if deemed appropriate upon compliance with the statute.
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and WOLF and KAHN, JJ., concur.