PER CURIAM.
Cullen L. Rollins, a juvenile, has appealed from the imposition of an adult sentence following his plea of nolo contendere to grand theft auto, two counts of aggravated battery with a firearm, possession of cocaine, and battery on a law enforcement officer. We reverse and remand for resen-tencing.
Rollins was charged by direct information with the foregoing offenses, and tendered his plea in return for the adult sanction of 5½ years incarceration. The plea agreement did not mention Rollins’ juvenile status. Although defense counsel waived consideration by the court of the pre-dispo-sition report (PDR) required by section 39.-059(7)(a), Florida Statutes (1989), counsel did not waive, or mention, the findings of suitability for adult sanctions required by section 39.059(7)(c). The trial court did not make those findings prior to sentencing Rollins in accordance with the plea agreement, and there was no objection to that omission.
Rollins maintains that his sentence must be reversed and the case remanded for resentencing based on the trial court’s failure to make the findings required by section 39.059(7)(c). The state responds that such findings can be knowingly and intelligently waived, State v. Rhoden, 448 So.2d *652 1013, 1016 (Fla.1984), and that Rollins made such a waiver by waiving the PDR requirement. The state also points to the plea agreement, citing Davis v. State, 528 So.2d 521 (Fla. 2d DCA 1988), which held that the need for the findings is obviated by a plea agreement.
The waiver by a juvenile of his rights under section 39.059(7)(c) must be knowing and intelligent and manifest on the record. Hill v. State, 596 So.2d 1210, 1211 (Fla. 1st DCA 1992). The Hill court held that a statement by defense counsel at sentencing that he “would be remiss to recommend juvenile sanctions” did not constitute the required “manifest waiver.” Hill at 1212. In the instant case, the state relies on defense counsel’s waiver of the PDR required by section 39.059(7)(a). However, counsel did not waive the (7)(c) findings, nor does (7)(c) require the trial court to rely solely on the PDR in making those findings. Therefore, we cannot find that the waiver of the PDR was a “manifest” waiver of the right to consideration of the (7)(c) criteria.
The state next points to Rollins’ plea agreement (not a factor in Hill), citing Davis v. State, 528 So.2d 521 (Fla. 2d DCA 1988) for the proposition that such agreement obviated the need for the (7)(c) findings. However, in Croskey v. State, 601 So.2d 1326 (Fla. 2d DCA 1992) (en banc), the court receded from Davis to hold that, in the absence of indication in the record that the juvenile knowingly and intelligently waived his right to be considered under section 39.059(7)(c), it was reversible error for a trial court to impose adult sanctions upon a juvenile without making those findings, even though the sanctions were imposed pursuant to a negotiated plea agreement which omitted any reference to the statute. Croskey at 1327-28. Accord Pride v. State, 606 So.2d 478 (Fla. 1st DCA 1992).
Therefore, based on our conclusion that Rollins made no knowing and intelligent waiver of his right to be considered under section 39.059(7)(c), the trial court committed reversible error in omitting those findings, Croskey. We reverse the sentence imposed herein, and remand for resentenc-ing, at which the trial court shall consider the criteria set forth at section 39.059(7)(c) and reduce his decision to writing with specific findings of fact.
JOANOS, C.J., and ERVIN and BOOTH, JJ., concur.