614 So.2d 680 (1993)
Felice John VEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1506.
District Court of Appeal of Florida, First District.
March 4, 1993.
Certification Denied April 1, 1993.
James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey and Michelle Konig, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Felice John Veach has appealed from the imposition of adult sanctions after his plea *681 of nolo contendere to crimes committed when he was a juvenile. We reverse and remand for resentencing.
In May 1990, Veach was charged in Case No. 90-1963 with grand theft, burglary and dealing in stolen property, all committed when he was 18. In June 1990, Veach was charged in Case No. 90-2027 with committing a lewd and lascivious act in the presence of, and on, a child, and sexual battery on a child less than 12 years of age, committed when he was 17. Veach pled nolo contendere to all charges, and received concurrent 5-year terms of probation, conditioned on 2 years of community control. The plea agreement did not mention Veach's juvenile status in 90-2027, nor did the trial court determine the suitability of adult sanctions as to that case with reference to the factors set forth at section 39.059(7)(c), Florida Statutes. Veach did not appeal.
In February 1991, an affidavit of violation of community control was filed, to which Veach pled nolo contendere. The trial court revoked community control, and sentenced Veach to 20 years for the 1st-degree felony (90-2027), 15 years for each 2d-degree felony (two in 90-1963, two in 90-2027) and 5 years for each 3d-degree felony (90-1963), all concurrent. Veach argues that the sentences in 90-2027 must be reversed based on the trial court's initial imposition of sentence without making the findings required by section 39.059(7)(c).
The state does not dispute that the findings were initially required, or argue that Veach waived the issue by failing to appeal. Rather, the state maintains that Veach waived his entitlement to those findings, citing Preston v. State, 411 So.2d 297 (Fla. 3d DCA 1982) (where a defendant never sought designation as a youthful offender and was not sentenced to a period of incarceration, but was placed on probation, he waives the right to question the legality of a probation which he has enjoyed and violated). Veach responds that, absent a manifest knowing and intelligent waiver of the right to the findings, it is reversible error to sentence a juvenile as an adult, even in the absence of objection and even though sanctions were imposed pursuant to a negotiated plea omitting any reference to Chapter 39. Walker v. State, 605 So.2d 1341, 1341-42 (Fla. 1st DCA 1992).
Failure to follow the provisions of section 39.059(7)(c) in sentencing a juvenile as an adult requires remand for resentencing, regardless of objection. State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984). While a juvenile can waive his right to findings under section 39.059(7)(c)(1-6) before being sentenced as an adult, Rhoden, that waiver must be knowing, intelligent and manifest on the record.[1]Hill v. State, 596 So.2d 1210, 1211 (Fla. 1st DCA 1992). Without such a waiver, it is reversible error for a trial court to impose adult sanctions upon a juvenile without making the required findings, even though sanctions were imposed pursuant to a negotiated plea agreement which omitted any reference to the statute. Walker at 1341-42.
Here, there was no waiver by Veach, either at the original sentencing proceeding or in the written plea agreement, of his right to section 39.059(7)(c) findings prior to adult sentencing in Case No. 90-2027. Therefore, as to that case only, we reverse the sentence imposed herein, and remand for resentencing. Reimposition of adult sanctions is permitted, upon compliance with the statute. Walker at 1342.
JOANOS, C.J., and MINER and ALLEN, JJ., concur.
NOTES
[1] In the Preston case cited by the state, the court effectively held that the defendant implicitly waived the right to sentencing as a youthful offender by not seeking that designation and accepting the benefits of probation. However, the courts have since held that such implicit waivers are insufficient, and must rather be "knowing, intelligent and manifest on the record." Therefore, we do not follow Preston. As for Goldsmith v. State, 613 So.2d 1327 (Fla. 1st DCA 1992), we note that the case did not involve a juvenile as to whom the trial court failed to make the findings required by section 39.059(7)(c) at the time of the initial imposition of community control.