PATTERSON, Judge.
In this juvenile proceeding, the appellant challenges his adjudication for resisting a merchant and his commitment to the Department of Health and Rehabilitative Ser *1113 vices (HRS) for both resisting a merchant and petit theft. We vacate the appellant’s adjudication and commitment for resisting a merchant and affirm in all other respects.
The state correctly asserts that a conviction for the underlying theft must be obtained before the state can bring a charge for resisting a merchant. K.C. v. State, 524 So.2d 658 (Fla.1988). The state, however, never charged the appellant with resisting a merchant; therefore, the trial court lacked jurisdiction to adjudicate the appellant guilty of that offense, and this error is fundamental. See Saskowitz v. State, 498 So.2d 598 (Fla. 2d DCA 1986). Thus, we vacate the appellant’s adjudication and commitment for resisting a merchant.
The appellant also argues that he did not validly waive his right to a predisposition report (PDR). Contrary to the appellant’s assertions, a juvenile may waive a PDR under certain circumstances. In Rollins v. State, 610 So.2d 651 (Fla. 1st DCA 1992), the court stated that defense counsel had waived the PDR that is required when sentencing a juvenile as an adult. See § 39.059(7)(a), Fla.Stat. (1991). The First District held that although defense counsel had waived the PDR required by section 39.059(7)(a), counsel did not waive the findings required under section 39.059(7)(c); thus, the court remanded for resentencing to consider the (7)(c) criteria and to make written findings.
In the present case, however, we are not confronted with a “straight waiver” of a PDR. In effect, the appellant waived a duplicative effort. A current PDR had been prepared in another pending case, and the PDR recommended a level six commitment. In that earlier case, the judge had departed from the recommendation and imposed a level eight commitment prior to the disposition hearing in the present case. The order of commitment in the present case reflects that the trial court considered the PDR, because the court explained why it chose to disregard HRS’ recommendation as to restrictiveness level. Under these circumstances, the trial court properly allowed the appellant to waive the PDR prior to committing him to HRS. Accordingly, we uphold the waiver of the PDR and affirm the appellant’s commitment to HRS on the petit theft charge.
Affirmed in part and reversed in part.
DANAHY, A.C.J., and LEHAN, J., concur.