BLUE, Judge.
Napoleon Thomas, a juvenile charged and sentenced as an adult, contends the court erred at sentencing because it failed to determine the suitability of imposing adult sanctions as required by section 39.111(7)(e), Florida Statutes (1989). We agree and remand for resentencing.
Recently, the Florida Supreme Court and this court held that it is reversible error for a court to sentence a juvenile as an adult pursuant to a negotiated plea agreement without making statutory findings. Sirmons v. State, 620 So.2d 1249 (Fla.1993); Croskey v. State, 601 So.2d 1326 (Fla. 2d DCA 1992). On remand, the court may again impose adult sanctions if the provisions of section 39.111(7)(c) are followed. Iles v. State, 602 So.2d 999 (Fla. 2d DCA 1992); Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990).
Thomas also correctly contends that attempted armed robbery charges were erroneously classified as first degree felonies rather than second degree felonies. This should be corrected upon resentencing.
Reversed and remanded for resentencing.
RYDER, A.C.J., and PARKER, J., concur.